# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

February 22, 2019

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

    No. 18-50265    Alfredo Holguin v. Lorie Davis, Director
                      USDC No. 3:17-CV-159

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Shawn D. Henderson, Deputy Clerk
                              504-310-7668

cc w/encl:
    Mr. Alfredo Holguin
    Ms. Jessica Michelle Manojlovich
    Mr. Edward Larry Marshall

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50265

A True Copy
Certified order issued Feb 22, 2019

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

ALFREDO HOLGUIN,

                Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas

O R D E R:

    Alfredo Holguin, Texas prisoner # 1809852, was convicted and sentenced to life imprisonment for capital murder. Holguin now moves this court for a certificate of appealability (COA), arguing that there was insufficient evidence to support his conviction. He also raises a claim of actual innocence based on insufficient evidence.

    To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a district court has rejected the claims on their merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. For claims dismissed on procedural grounds, to obtain a COA the

Case: 18-50265 Document: 00514847115 Page: 2 Date Filed: 02/22/2019
Case 3:17-cv-00159-KC Document 16 Filed 02/26/19 Page 3 of 4

No. 18-50265

movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The standard for testing the legal sufficiency of the evidence in a federal habeas review of a state court conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The state appellate court found the evidence sufficient to support Holguin's conviction. To obtain relief, therefore, Holguin would need not only to satisfy the *Jackson* standard, but also to show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d). Applying *Jackson* and § 2254(d) in tandem, this court's review is "twice-deferential." *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

Holguin has not made the required showing. The evidence before the jury was adequate to permit a rational trier of fact to find the elements of capital murder beyond a reasonable doubt. The state appellate court judged the evidence sufficient; the federal district court deemed that judgment not contrary to or an unreasonable application of *Jackson*; and no reasonable jurist could debate the district court's conclusion.

In addition, Holguin argues that his trial counsel was ineffective for failing to: (1) object to the admission of the photographic lineups; (2) submit a DNA-analysis report that shows that neither he nor his family were associated with the crime; (3) inform the jury that a witness read a newspaper, that had a photograph of Holguin, before seeing photographic lineups; (4) inform the jury that the State did not have evidence that Holguin crossed the border on

Case: 18-50265      Document: 00514847115      Page: 3      Date Filed: 02/22/2019
Case 3:17-cv-00159-KC   Document 16   Filed 02/26/19   Page 4 of 4

No. 18-50265

the day of the victim's murder; and (5) explain to the jury that a witness stated that the windows of a vehicle associated with the crime were dirty. Because Holguin did not raise these claims in his § 2254 application, this court will not consider them. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

Holguin has also failed to brief adequately, and thus abandoned, his remaining claims, including his claims that the photographic lineups were suggestive, which the district court dismissed as procedurally defaulted; that his trial counsel should have called witnesses at the hearing on the motion to suppress identification evidence; and that the trial court erroneously issued a jury charge that did not include a requirement of a specific intent to kill. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Holguin's motion for a COA is DENIED.

_____
STEPHEN A. HIGGINSON
UNITED STATES CIRCUIT JUDGE