IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALFREDO HOLGUIN, State Prisoner, § | | |
|    Petitioner, § | | |
| § | | |
| V. § | | EP-17-CV-159-KC |
| § | | |
| LORIE DAVIS, Director, Texas § | | |
| Department of Criminal Justice, § | | |
| Institutions Division, § | | |
|    Respondent. § | | |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Alfredo Holguin, state prisoner number 1809852, moves the Court to grant him relief, under Federal Rule of Civil Procedure Rule 60(b), from a judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 17). For the reasons discussed below, the Court will deny Holguin's Rule 60(b) Motion. The Court will additionally deny Holguin a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

State court records established that on October 6, 2002, Jesus Salcido witnessed two men force Mark Anthony Cedillo—at gunpoint—into the back seat of a brown sedan displaying Mexican license plates. *See State v. Holguin*, Cause No. 20120D01334 (243rd Dist. Ct. El Paso Cnty., Tex. Aug. 1, 2012); No. 08-12-00253-CR, 2014 WL 4536544, at *1–2 (Tex. App. Sept. 12, 2014, pet. ref'd), *cert. denied*, 136 S. Ct. 543 (2015); *Ex parte Holguin*, WR-86,065-1 (Tex. Crim. App. Apr. 5, 2017). "A few minutes later, witnesses driving in the vicinity saw the sedan in a nearby parking lot and two Hispanic men, one larger than the other, assault Cedillo, who crumpled to the ground bleeding." 2014 WL 4536544, at* 1. Cedillo died at the scene. *Id.* After talking to Salcido and the other witnesses, law enforcement officers identified Alfredo Holguin and his cousin, Benito Holguin, as the suspects in Cedillo's murder. *Id.* at * 1 n.1.

A jury subsequently found Holguin guilty of capital murder. The trial court imposed the automatic sentence of life imprisonment. Clerk's R. at 177–78 (J. of Conviction by Jury), ECF No. 8-7.

The Eighth Court of Appeals affirmed Holguin's conviction, and the Court of Criminal Appeals refused Holguin's petition for discretionary review. *Holguin*, 2014 WL 4536544. The United States Supreme Court denied Holguin's petition for a writ of certiorari. *Holguin v. Texas*, 136 S. Ct. 543 (2015).

Holguin sought a state writ of habeas corpus, arguing a photo line-up was unduly suggestive, his trial counsel failed to present adequate evidence in support of the motion to suppress the photo line-up identification, and his trial counsel failed to preserve the issue of the impermissibly suggestive photo line-up for appeal. Appl. for a Writ of Habeas Corpus under Code of Criminal Procedure Article 11.07 at 34–101, ECF No. 8-10. The Court of Criminal Appeals denied the application without written order. Action Taken, *Ex parte Holguin*, WR-86,065-1 (Tex. Crim. App. April 5, 2017), ECF No. 8-8.

In his federal habeas petition, Holguin alleged the State obtained his conviction through unduly suggestive identification procedures, the State presented insufficient evidence to support his conviction, an improper jury charge deprived him of due process, and he received ineffective assistance because his trial counsel failed to call witnesses at the hearing on his motion to suppress the identification evidence. *Holguin v. Davis*, No. EP-17-CV-159-KC, 2018 WL 1370946, at *4 (W.D. Tex. Mar. 15, 2018).

The Court, after reviewing the evidence, concluded Holguin had procedurally defaulted his claim that the identification evidence introduced at trial was predicated on an impermissibly identification procedure:

> When a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object to the admission of the same evidence at trial in order to preserve error, but if the defendant affirmatively states that he has "no objection" to the evidence, he waives any error in its admission. *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). Here, the State sought the admission of the pretrial photo lineups at trial. When the trial court asked if Appellant had any objections to their admission, defense counsel responded, "No objection, Your Honor." By affirmatively stating at trial that he had no objections to the admission of the evidence in issue, Appellant waived and failed to preserve his right to contest the admission of the evidence on appeal on the grounds raised in his motion to suppress.

*Id.* at *6 (quoting *Holguin*, 2014 WL 4536544, at *3). The Court further concluded Holguin failed to assert cause for, or prejudice arising from, his procedural default of this claim. *Id.* at *13. The Court additionally concluded the state court's determination that Holguin was not denied his right to due process—based on insufficiency of the evidence or the jury charge—was not clearly contrary to or an unreasonable application of federal law. *Id.* The Court finally concluded the state court's denial of Holguin's ineffective-assistance-of-counsel claim was not clearly contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Consequently, the Court denied Holguin's petition, and the Fifth Circuit Court of Appeals denied Holguin a certificate of appealability. *Holguin v. Davis*, No. 18-50265 (5th Cir. Feb. 22, 2019), ECF No. 16.

In his Rule 60(b) Motion, Holguin repackages old and raises new claims:

> The judgment is manifestly unjust because Petitioner should be allowed to exhaust his claims of ineffective assistance of counsel from counsel failing to object to the admission of photographic lineups that were done after a witness saw Petitioner, new evidence of DNA analysis report to shows that Petitioner was not associated with this offense, failed to inform the jury that witness saw photograph before lineup. Witnesses stated windows were dirty and unable to see inside of vehicle. The lineup used to identify Petitioner was suggestive.

Rule 60(b) Motion 2, ECF No. 17. Holguin asks the Court to reopen the case and stay the proceedings until he can exhaust his claims in the Court of Criminal Appeals. *Id.*

**APPLICABLE LAW**

The Rules Governing Section 2254 Proceedings for the United States District Courts permit the application of Rule 60(b) and the other Federal Rules of Civil Procedure in collateral proceedings under 28 U.S.C. § 2254—but only "to the extent that they are not inconsistent with any statutory provisions" or the 2254 Rules. 28 U.S.C. foll. § 2254 R. 12. Consequently, "[i]n order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") ] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." *In re Jasper*, 559 F. App'x 366, 370–71 (5th Cir. 2014).

Hence, a prisoner may prevail on a Rule 60(b) motion for relief from a judgment denying a § 2254 motion when he "attacks, not the substance of the court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). In other words, a petitioner may succeed on a Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4. But a movant may not prevail on a Rule 60(b) motion which (1) presents a new habeas claim, (2) attacks the federal court's previous resolution of a claim on the merits, or (3) presents new evidence or new law in support of a claim already litigated. *Id*. at 531–32.

**ANALYSIS**

Holguin fails to challenge the Court's finding that he procedurally defaulted his claim that the identification evidence introduced at trial was predicated on an impermissibly

identification procedure. Moreover, Holguin fails to identify any defect in the integrity of his federal habeas proceeding or show extraordinary circumstances which would justify the Court granting him relief from the final judgment. Holguin obviously disagrees with the Court's conclusions. But he is not entitled to relitigate claims considered and rejected by the Court—or raise new issues—in a Rule 60(b) motion. *Trottie v. Stephens*, 581 F. App'x 436, 440 (5th Cir. 2014).

Consequently, because Holguin's Rule 60(e) Motion merely attacks the Court's previous resolution of his claim and raises new issues, the Court must scrutinize it in the same fashion it would a second or successive § 2254 petition. *See Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir.1998) (stating that a district court "may liberally construe a pro se petitioner's pleading and treat it as a habeas corpus petition, where appropriate").

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). It requires dismissal of a second or successive petition filed by a state prisoner unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). More importantly, it bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court

asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one).

"Although Congress did not define the phrase 'second or successive,' . . . the phrase does not simply 'refe[r] to all section 2254 applications filed second or successively in time.'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeals in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("We are hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party."). Second, a petitioner may proceed when he raises a claim which was dismissed from his first application as premature, but is now ripe. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998) ("There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief. The Court of Appeals was therefore correct in holding that respondent was not required to get authorization to file a 'second or successive' application before his . . . claim could be heard."). Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context.").

An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham v. Johnson*, 168 F.3d 762, 774 n.7 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

The Court did not deny Holguin's prior petition because his claims were not ripe, his claims were premature or he failed to exhaust his state remedies. Moreover, the Court finds Holguin clearly could have raised all his claims in the Rule 60(b) motion in his prior petition. The Court concludes, therefore, that Holguin's instant pleading is a successive § 2254 application within the meaning of the AEDPA. And because Holguin has not shown the requisite authorization from the Fifth Circuit Court of Appeals, the Court also concludes it lacks jurisdiction to hear his claims. *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. Considering this finding, the Court will dismiss Holguin's Rule 60(e) Motion. *See* W.D. Tex. Local Rule CV-3(b)(6) ("A second or successive petition for habeas corpus relief . . . will be dismissed without prejudice unless accompanied by a certificate issued by a panel of the Fifth Circuit."). This dismissal, however, is without prejudice to Holguin's right to submit to the Fifth Circuit a motion for leave to file a second or successive § 2255 motion.

## CERTIFICATE OF APPEALABILITY

The AEDPA also requires a certificate of appealability before an appeal may proceed in this matter. 28 U.S.C. § 2253; *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a

certificate of appealability). "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). A circuit justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483–84 (internal quotations and citations omitted).

In this case, reasonable jurists could neither debate the dismissal of Holguin's Rule 60(b) Motion on procedural grounds. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability. *See* 28 U.S.C. foll. § 2254 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## CONCLUSIONS AND ORDERS

For these reasons, the Court concludes that Holguin is not entitled to relief under Rule 60(e) from the Final Judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court further concludes that Holguin is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Movant Alfredo Holguin's "Motion for Relief from Judgment" (ECF No. 17) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Movant Alfredo Holguin is **DENIED** a certificate of appealability.

**IT IS FINALLY ORDERED** that all pending motions, if any, are **DENIED**.

SIGNED this 21st day of May, 2019.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE